IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION |
| | ) | NO. 1:21-CR-310-SDG-LTW |
| <u>DAWUAN WILLIAMS</u> | ) | |

**<u>PRELIMINARY MOTION TO SUPPRESS EVIDENCE OBTAINED
THROUGH EXECUTION OF SEARCH WARRANT</u>**

COMES NOW the Defendant, DAWUAN WILLIAMS, by and through his undersigned counsel, and files this preliminary motion to suppress evidence obtained through execution of a search warrant for information and data pertaining to the service, use, and location of the cellular phone using number 850-661-9634, which was associated with Mr. Williams.  In support of this motion, Mr. Williams states the following.

On June 11, 2011 ATF Special Agent Michael Bustard submitted an application for a search warrant to United States Magistrate Judge Michael Bustard of the District of New Jersey.  As property to be searched, the search warrant application listed the following:

1. The cellular telephone assigned call number 850-661-9634 (the **"Target Cell Phone"**), believed to be in the possession of Dawuan Williams whose service provider [is] Verizon Wireless (the

1

>  "Provider"), a wireless telephone service provider headquartered in New York, New York; and
>
> 2. Records and information associated with the Target Cell Phone believed to be in the possession of Dawuan Williams that is within the possession, custody, and control of the Provider.

(Emphasis in original).

The application sought several types of information from the cellular service provider: (1) all information about the location of the target cell phone for a period of 45 days, including locational information such as E-911 Phase II data, GPS data, latitude-longitude data, other precise location information, and data about which "cell towers" and "sectors" received a radio signal from the subject cellular telephone; (2) pen register and trap and trace device information pursuant to 18 U.S.C. §§ 3122 and 3123, including but not limited to information regarding the cell tower and antenna face through which the communications were sent and received; and (3) all other information (not including the contents of communications) relating to wire and electronic communications sent or received by the target cell phone during the previous 60 days through the duration of the pen register and trap and trace, including but not limited to information regarding the cell tower and antenna face through which the communications were sent and received and all available

2

historical precision location information, per-call measurement data, and timing advance data.   The affidavit also requested that the search warrant include a directive to Verizon Wireless to "initiat[e] a signal to determine the location of the target cell phone on Verizon Wireless networks or with such other reference points as may be reasonably available, and at such intervals and times directed by the government."

The Magistrate issued the search warrant as requested by the Government.   Mr. Williams raises challenge to whether pen register and trap and trace device information could be compelled based upon an application from ATF Agent Bustard.   18 U.S.C. § 3122 provides that an attorney for the Government may make application for an order authorizing or approving the installation and use of a pen register or a trap and trace device.   Additionally, 18 U.S.C. § 3123 does not authorize the Court to issue an order authorizing the installation of a pen register or trap and trace device based upon an application from a federal law enforcement officer.   Mr. Williams also challenges whether the order in the search warrant for Verizon to ping the target phone cell as directed by the Government rested upon adequate and proper legal authority.   Mr. Williams requests an opportunity to supplement this motion.

WHEREFORE, Mr. Williams respectfully requests that this motion be granted.

Dated: This 30th day of September, 2021.

                                            Respectfully submitted,

                                            *s/ Kendal D. Silas*
                                            KENDAL D. SILAS
                                            State Bar of Georgia No. 645959
                                            Attorney for DAWUAN WILLIAMS

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, GA 30303; 404/688-7530

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Preliminary Motion to Suppress Evidence Obtained Through Execution of Search Warrant was electronically filed this day with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following:

>Theodore Hertzberg, Esq.
>Assistant United States Attorney
>Northern District of Georgia
>Federal Courthouse, Ste. 600
>75 Ted Turner Drive, S.W.
>Atlanta, GA 30303

Dated: This 30th day of September, 2021.

>s/ *Kendal D. Silas*
>KENDAL D. SILAS, Esq.
>Attorney for DAWUAN WILLIAMS